**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**<u>CIVIL MINUTES – GENERAL</u>**

Case No.      2:26-cv-03631-JWH-AJR                    Date:  April 17, 2026
                                                       Page 1 of 4

Title:        <u>Valerie B. Moore v. Desirae B.M. Moore</u>

DOCKET ENTRY:      **ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE TRANSFERRED TO THE SOUTHERN DISTRICT OF CALIFORNIA BASED ON LACK OF JURISDICTION IN THIS DISTRICT**

PRESENT:

**<u>HONORABLE A. JOEL RICHLIN, UNITED STATES MAGISTRATE JUDGE</u>**

| _Ashley Silva-Elder_ | _____None_____ | __None__ |
|:---:|:---:|:---:|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

ATTORNEYS PRESENT FOR PETITIONER:      ATTORNEYS PRESENT FOR RESPONDENT:

            None Present                                    None Present

**PROCEEDINGS:  (IN CHAMBERS)**

On April 2, 2026, *pro se* Petitioner Valerie B. Moore ("Petitioner"), a pretrial detainee currently in the custody of the San Diego County Sherriff's Department at the Las Colinas Detention and Reentry Facility, in Santee, California ("Las Colinas"), filed a Petition for Writ of Habeas Corpus ("Petition").  (Dkt. 1-2.)  Petitioner contends that she is being illegally held at Los Colinas and appears to challenge her detention.  (<u>Id.</u> at 2-5.) Petitioner also appears to complain about the conditions of her confinement such as lack of food and clean clothing.  (<u>Id.</u> at 5.)

Petitioner is advised that the "core of habeas corpus" is to challenge the "fact or duration" of a petitioner's confinement, not the conditions of confinement.  <u>See</u> <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 498-500 (1973); <u>Nettles v. Grounds</u>, 830 F.3d 922, 935 (9th Cir. 2016) (*en banc*); <u>Pinson v. Carvajal</u>, 69 F.3th 1059, 1065 (9th Cir. 2023), <u>cert. denied</u>, 144

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No.      2:26-cv-03631-JWH-AJR                    Date:  April 17, 2026
                                                       Page 2 of 4

Title:         Valerie B. Moore v. Desirae B.M. Moore


S. Ct. 1382 (2024) (holding that habeas relief ordinarily is not available to challenge conditions of confinement).  By contrast, if a prisoner seeks relief regarding the conditions of confinement, such as religious accommodations, inadequate medical care, disciplinary conditions, prison administration, or the conduct of prison officials, those claims must be brought in a civil rights action under 42 U.S.C. § 1983, not through a habeas petition.  See Muhammad v. Close, 540 U.S. 749, 750 (2004) (*per curiam*) (While "[c]hallenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a [42 U.S.C.] § 1983 [civil rights] action."); Nelson v. Campbell, 541 U.S. 637, 643 (2004) ("[C]onstitutional claims that . . . challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of [habeas] core and may be brought pursuant to § 1983 in the first instance."); see, e.g., Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003) (holding that the conditions of confinement, including disciplinary detention or placement in administrative segregation, must proceed through § 1983 rather than habeas because "if successful, [petitioner] will not necessarily shorten the length of his confinement").

Here, Petitioner appears to challenge both the fact of her detention, (Dkt. 1 at 2-5), as well as the conditions of her confinement.  (Id. at 5.)  Petitioner is advised that she will need to file a separate civil rights action if she wants to challenge the conditions of her confinement.  See Preiser, 411 U.S. at 500; Pinson, 69 F.4th at 1065.  Regardless, the Central District of California appears to be the wrong venue for either Petitioner's challenge to her detention, or any separate civil rights lawsuit challenging the conditions of her confinement.

As an initial matter, the Court notes that the instant habeas petition falls under 28 U.S.C. § 2241 because Petitioner is not being held in custody pursuant to a state court judgment.  See, e.g., McNeely v. Blanas, 336 F.3d 822, 824 n.1 (9th Cir. 2003) ("The parties characterize the petition as falling under 28 U.S.C. § 2254. However, because Petitioner is a pretrial detainee, he is not being held 'pursuant to the judgment of a State court.' 28 U.S.C. § 2254. Therefore, his claim falls under 28 U.S.C. § 2241.").  For a habeas petition falling under 28 U.S.C. § 2241, the only judicial district with jurisdiction is the district of confinement.  See, e.g., Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004) ("The plain language

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

<u>**CIVIL MINUTES – GENERAL**</u>

Case No.      2:26-cv-03631-JWH-AJR                    Date:  April 17, 2026
                                                                      Page 3 of 4

Title:          <u>Valerie B. Moore v. Desirae B.M. Moore</u>

of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement.").  Here, Petitioner is being held in Santee, California, which is in San Diego County.  San Diego County is located within the Southern District of California.  <u>See</u> 28 U.S.C. § 84(d).  Therefore, it appears that the instant Petition can only proceed in the Southern District of California.

Under 28 U.S.C. § 2241(d), a district court may transfer a habeas petition to another district in the exercise of its discretion and in furtherance of justice.  <u>See also</u> 28 U.S.C. § 1631 (authorizing courts to transfer venue to cure lack of jurisdiction).  Indeed, the Ninth Circuit "has taken a broad view of when transfer is appropriate, recognizing that normally transfer will be in the interest of justice because normally dismissal of an action that could be brought elsewhere is time-consuming and justice-defeating."  <u>Amity Rubberized Pen Co. v. Mkt. Quest Grp. Inc.</u>, 793 F.3d 991, 996 (9th Cir. 2015) (internal quotation marks and brackets omitted).  Thus, it appears that this action should be transferred to the Southern District of California in the interest of justice because this district lacks jurisdiction over the Petition.

Similarly, to the extent Petitioner wants to file a separate civil rights action to challenge the conditions of her confinement, venue would only be appropriate in the Southern District of California.  Indeed, the federal venue statute states that a civil action may be brought in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."  28 U.S.C. § 1391(b).  To the extent Petitioner wants to challenge the conditions of her confinement at Las Colinas, it appears that all defendants would likely reside in the Southern District of California and all events or omissions giving rise to the claim would have occurred in the Southern District of California.  Thus, it appears that Petitioner would need to file any civil rights actions in the Southern District of California.  <u>See</u> 28 U.S.C. §

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No.    2:26-cv-03631-JWH-AJR                Date:  April 17, 2026
                                                 Page 4 of 4

Title:      Valerie B. Moore v. Desirae B.M. Moore


1391(b).  Moreover, to the extent this action were construed as a civil rights action, then transfer would be appropriate to the Southern District of California.  See 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").

        Accordingly, Petitioner is hereby **ORDERED TO SHOW CAUSE, by May 1, 2026**, why this action should not be transferred to the U.S. District Court for the Southern District of California.  Petitioner may satisfy this Order by filing a declaration setting forth any reason why the Central District of California has jurisdiction over the Petition.  If Petitioner agrees that this action should be transferred, she can also respond and agree to the transfer.  The Court will then promptly transfer the action.  **Petitioner is expressly warned that if she does not timely file a response to this Order, the Court intends to transfer this action to the Southern District of California.**

        The Clerk of the Court is directed to serve a copy of this Order upon Petitioner at Petitioner's address of record.

        IT IS SO ORDERED.